IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID K. HARRISON, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV436 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, Warden, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Harrison was convicted of first degree murder for the June 4, 1984, shooting death of his wife, and he was sentenced to life in prison. It "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" and therefore the petition for writ of habeas corpus will be denied and dismissed with prejudice. Rule 4 of the Rules Governing § 2254 Cases.

Petitioner has made a distressingly long and ultimately frivolous practice of trying to overturn his conviction multiple times in both state and federal courts. I list and describe those cases next.

### State Courts

State v. Harrison, 378 N.W.2d 199 (Neb. 1985) (affirming conviction on direct appeal, holding that (a) defendant's proposed instruction tending to lead jury to conclusion that "excited utterances" are more credible and should be accorded greater weight than other types of evidence was properly refused; (b) testimony regarding declaration by defendant indicating his state of mind six to eight weeks before shooting was properly excluded; and (c) instruction that evidence as to lack of motive is circumstance favorable to accused was properly refused);

*State v. Harrison*, 651 N.W.2d 571 (Neb. 2002) (denying motion for post-conviction relief; holding that (a) trial court's asking juror to reiterate whether or not he had told trial judge at time of trial that he intended to base his decision on evidence was not an impermissible inquiry into validity of verdict; (b) finding that three incidents occurred, during which jurors overheard nonjuror assertions of her belief that murder defendant was guilty and that he was "crazy," was not clearly erroneous; (c) determination that these incidents were not prejudicial to defense was not clearly erroneous; and (d) any claimed deficiencies of defense counsel to raise, preserve, or appeal issues related to incidents did not prejudice defense or impact outcome of trial;

*Harrison v. Department of Corrections*, 2014 WL 2186200 (Neb. Ct. App., May 27, 2014) (denying petition for writ of habeas corpus);

*State v. Harrison*, 881 N.W. 860 (Neb. 2016) (affirming district court and holding that Harrison's second motion for post-conviction relief was untimely, and writ of error coram nobis was not available to correct errors of law).

### *Federal Courts*

*Harrison v. Dahm*, 880 F.2d 999 (8th Cir.1989) (affirming Judge Urbom's denial of Harrison's habeas petition; holding that (a) defendant was not denied a fair trial by the trial court's refusal to allow a defense witness to testify that defendant stated he carried a gun for self-protection; (b) the trial court's refusal to instruct the jury concerning defendant's alleged lack of motive to commit murder did not require habeas relief; and (c) the trial court's refusal to instruct the jury concerning the "excited utterance" exception to the hearsay rule did not require habeas relief);

*Harrison v. Clark*, No. 4:02CV3329 (D.Neb., May 8, 2003) (dismissing Harrison's successive petition without prejudice because not certified by the Eighth Circuit Court of Appeals), *application for permission to file successive petition denied*, No. 04-1486 (8th Cir., April 30, 2004);

*Harrison v. Britten*, No. 8:09CV318, 2009 WL 3390245, at *1 (D. Neb., Oct. 21, 2009) (dismissing Harrison's successive petition without prejudice because it was not certified by the Eighth Circuit Court of Appeals), *application for permission to file successive petition denied*, No: 09-3162 (8th Cir., November 6, 2009).

### *Analysis*

This is Harrison's fourth petition in our court. It is based upon the Nebraska Supreme Court's 2016 ruling denying his second post-conviction motion in the state court as untimely and holding that his alternative petition for writ of error coram nobis had no merit because a writ of error coram nobis is not available to correct errors of law.

I now dismiss this habeas case with prejudice for both procedural and substantive reasons. Those reasons are (1) Harrison once again has not received permission to file a successive petition from the Court of Appeals; (2) the AEDPA one-year statute of limitations has obviously run, no exceptions apply and there is no basis shown for equitable tolling or any other excuse; and (3) Harrison's federal claims in this court attacking the most recent decision of the Nebraska Supreme Court are frivolous for many reasons including procedural default with no valid basis for excusing the default, particularly no showing whatever of a fundamental miscarriage of justice.

### *No Certificate of Appealability*

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473,

484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

### *Warning*

Harrison is advised that I may impose sanctions in the future including, but not limited to, monetary sanctions collectible from his prison account, should he persist in the course of conduct outlined above.

IT IS ORDERED that:

1. The petition (filing no. 1) is denied and dismissed with prejudice.

2. The court will not issue a certificate of appealability in this matter.

3. The court will enter a separate judgment in accordance with this order.

DATED this 27th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge